## Louisville & Nashville Railroad Co. v. Commonwealth.

(Decided October 9, 1913).

### Appeal from Scott Circuit Court.

1. Weights and Measures—Statutes—Construction of—Scales.—Acts 1910, Chapter 90, Sections three and six, do not apply to scales used by a railroad company for the purpose of determining the weight of articles delivered to it for carriage.

2. Carriers—Statutes—Construction of—Scales.—Acts 1910, Chapter 90, Sections three and six, do not apply to scales used by a carrier for the purpose of determining the weight of articles delivered to it for carriage.

BRADLEY & BRADLEY, BENJAMIN D. WARFIELD and EMMET M. DICKSON for appellant.

JAMES GARNETT, Attorney General, D. O. MYATT, Assistant Attorney General for appellee.

Opinion of the Court by Judge Hannah—Reversing.

The appellant, Louisville & Nashville Railroad Company, was tried and convicted in the Scott Circuit Court, of the offense of failing and refusing to permit the Inspector of Weights and Measures, to make a test of its scales at Payne's Depot, Kentucky; and was fined the sum of fifty-five dollars. From said judgment, this appeal is prosecuted.

The sections of the statute under which this fine was assessed are sections three and six of chapter 90 of the Acts of 1910, which read as follows:

"Section 3. It shall be the duty of the inspector to test at least once a year all weights, measures, balances, scales, steel-yards, or beams, in the county owned or used by any person, firm or corporation engaged in buying or selling merchandise, groceries, produce, poultry, grain, provender, meats, coal, ice, feed-stuffs, iron, rags, metal, junk, wares, wool, hides, leather, or other articles of trade or commerce, horses, cattle, sheep, hogs or other live stock, and using said scales, weights or measures for determining the weight of any of said articles in either buying or selling the same. The inspector shall also test all public scales where commodities or live stock are weighed and for which fees are charged."

"Section 6. Any person who shall refuse to permit the inspector to make a test of weights, measures, scales or balances, owned or operated by him or under his control, or shall prevent or interfere with the inspector in so doing, or shall refuse to pay the fees for tests after same have been made, shall be fined for each offense in any sum not exceeding one hundred dollars, and for each and every day the said inspector is so prevented from making the test provided for in this act, shall constitute a separate offense."

The agreed facts, upon which this case was tried, as shown by the judgment, are as follows:

"The scales for which the company refused to pay the inspection fees were owned by it, and were located at its depot at Payne's Depot. The scales at this point were owned by the company, and were not operated for hire but were simply used by defendant for weighing cattle or other shipments to be shipped over the road, for the purpose of ascertaining the amount of freight to be charged by it for such shipment, and such weights were final in determining such charges."

The sole question for determination is whether the act above quoted applies to the scales of a railroad company, not operated for hire, but used solely by it for the purpose of determining the weight of articles delivered to it for carriage in order to determine the amount to be charged by it for such carriage.

It was the evident intent of the Legislature in the enactment of this statute to protect persons buying and selling the articles enumerated therein, from being imposed upon and defrauded by means of false and inaccurate scales and measures, and those requiring the use of public scales where commodities and live stock are weighed and for which weighing a fee is charged.

The scales of defendant, according to the agreed statement of facts were not used for weighing for others for hire, that is, no fees were charged or paid therefor; neither were they used by the defendant in determining the weight of articles for the purpose of buying or selling same; nor was the defendant engaged in the buying or selling of any of the articles expressly enumerated in the act.

The only contention of the Commonwealth is that the defendant's scales come within that provision of the act which says "all other articles of trade or commerce;" and that defendant is engaged in selling "transportation;" and that "transportation" is an article of commerce. In this we do not concur.

It must be presumed that the Legislature knew that railway companies, express companies and other transportation companies were so constantly and extensively using scales for the purposes for which it is admitted the scales in question were used, as to place this use of scales in a class by itself, easy to classify and susceptible of plain description, and had the Legislature intended the provisions of the act to embrace this class of scales, it could and would have been done in plain terms. But it was not done and we are of the opinion that the judgment of conviction was erroneous, and same is reversed, with directions to the circuit court to set aside the judgment of conviction and dismiss the prosecution.